IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM PASSARELLA JR. <br> LG-6537, | : <br> : <br> : | |
| Plaintiff, | : <br> : | CIVIL ACTION NO. 21-718 |
| v. | : <br> : | |
| MICHAEL STACKOW (District Attorney); <br> WENDY GOLDSTEIN (PD); PETER <br> F. MARCELLINO (15th District); and <br> ANTHONY J. DEFINO (Judge), | : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

### MEMORANDUM OPINION

Smith, J.                                                                                                         April 19, 2021

      In 2005, the *pro se* plaintiff was convicted and sentenced for crimes involving a minor. Now, more than 15 years later, he has filed an application for leave to proceed *in forma pauperis* and a complaint under 42 U.S.C. § 1983. In the complaint, the plaintiff asserts that the defendants – the police officer who arrested him, the assistant district attorney who prosecuted him, the public defender who represented him, and the judge who presided over his trial and sentencing – violated his constitutional rights because the victim was not actually a minor at the time his offenses occurred.

      Although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court will dismiss the complaint with prejudice because the plaintiff has failed to state a claim and any amendment would be futile. More specifically, judicial immunity bars any claim against the judge, absolute prosecutorial immunity bars any claim against the assistant district attorney, the public defender is not a proper defendant under section 1983 because public defenders do not act under "color of state law," and the statute of limitations bars any claim against the police officer.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, William J. Passarella, Jr. ("Passarella"), a prisoner incarcerated at SCI – Mahanoy, commenced this action by filing a complaint, which the clerk of court docketed on February 12, 2021. Doc. No. 1. In the complaint, Passarella names as defendants Assistant District Attorney Michael Stackow ("ADA Stackow"), Public Defender Wendy Goldstein ("PD Goldstein"), Officer Peter F. Marcellino ("Officer Marcellino"), and Judge Anthony J. DeFino. Compl. at 1, 2–3, Doc. No. 1.[1] Passarella did not remit the filing fee or apply for leave to proceed *in forma pauperis* with the complaint, so the court entered an order on March 8, 2021, requiring him to either pay the fee or file an *in forma pauperis* application within 30 days. Doc. No. 3. On March 29, 2021, the clerk of court docketed Passarella's application for leave to proceed *in forma pauperis* ("IFP Application") and prisoner trust fund account statement. Doc. Nos. 4, 5.

---

[1] Along with a form complaint, Passarella submitted, *inter alia*, a variety of handwritten documents, copies of the docket sheets for criminal matters generally referenced in the complaint, and copies of specific docket entries relating to the sentences imposed in those matters. The clerk of court docketed these documents at Doc. No. 1-1. Because these documents are located at a different document number, the court will cite to them as "Exs." throughout this opinion.

Regarding the docket sheets, Passarella attached the docket sheets for his municipal court proceedings, docketed at No. MC-51-CR-253781-2004, and the docket sheets for his related Court of Common Pleas proceedings, docketed at No. CP-51-CR-707891-2004, after the charges of Harassment, Corrupting a Minor, Promoting Prostitution, and Unlawful Contact with a Minor were bound over from the municipal court for trial. *See* Exs. at ECF pp. 2, 4, 6, 8, 10; *see also* Docket, *Commonwealth v. Passarella*, No. MC-51-CR-253781-2004 (Phila. Mun. Ct.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=MC-51-CR-0253781-2004&dnh=i4PZNQFBCl%2B7r6AqDBgOxg%3D%3D; Docket, *Commonwealth v. Passarella*, No. CP-51-CR-707891-2004 (Phila. Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0707891-2004&dnh=H4JY7iXa6eG%2BQXc8ZqEP1w%3D%3D. In addition, he attached the docket sheet for his municipal court proceedings, docketed at No. MC-51-CR-156161-2004, and the docket sheets for his related Court of Common Pleas proceedings, docketed at No. CP-51-CR-707981-2004, after the charges of Kidnapping, False Imprisonment, Unlawful Contact with a Minor, Possessing Instruments of Crime, Corrupting a Minor, Unlawful Restraint, Interference with Custody of Children, Indecent Assault, Prostitution, and Falsely Impersonating Persons, were bound over from the municipal court for trial. *See* Exs. at ECF pp. 16, 18, 20, 22, 24, 26; *see also* Docket, *Commonwealth v. Passarello*, No. MC-51-CR-156161-2004 (Phila. Mun. Ct.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=MC-51-CR-0156161-2004&dnh=gkKO3Vml2gyo4arvr4knYA%3D%3D; Docket, *Commonwealth v. Passarello*, No. CP-51-CR-707981-2004 (Phila. Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0707981-2004&dnh=BABBbaflNdtqOJtjPDiMag%3D%3D. With regard to these latter two docket sheets, they appear to have typographical errors insofar as Passarella's last name is misspelled as "Passarello".

Concerning the complaint, Passarella brings this action under 42 U.S.C. § 1983, claiming that the defendants are liable for false arrest, false imprisonment, and wrongful conviction relating to charges on which he was convicted in the Philadelphia County Court of Common Pleas. It appears that these charges originated when Officer Marcellino arrested Passarella on January 25, 2004. Compl. at 4. Passarella alleges that he "took a plea bargain" and then Judge DeFino sentenced him on charges of Contact with Minor and Corrupting a Minor to a minimum of three years to a maximum of six years on November 2, 2005.[2] *Id.* Apparently, ADA Stackow prosecuted Passarella and PD Goldstein served as his defense counsel during these criminal proceedings. *Id.* Passarella asserts that he has fully served his sentence. *Id.*

Passarella claims that these convictions were unlawful because the documents show that the victim was 26 years old at the time of the offense and, therefore, was not a minor. *See id.* ("Not a minor or corrupting minor. Date Birth 08/30/78[.] Victim was 26 years. Exh[i]bits shows [sic] the facts."). Passarella seeks two million dollars in damages and the removal of the requirement

---

[2] Although Passarella has included specific factual allegations regarding what occurred during his criminal proceedings, his attachments to the complaint demonstrate some inconsistencies with those allegations. For example, Passarella alleges that Officer Marcellino arrested him on January 25, 2004, but the docket sheets state that Passarella was arrested on either February 11, 2004 or February 13, 2004. *Compare* Compl. at 4 (alleging arrest on January 25, 2004), *with* Exs. at ECF p. 2 (showing arrest date as "02/13/2004") *and id.* at ECF p. 8 (showing arrest date as "02/11/2004"). In addition, Passarella alleges that he received a sentence of three to six years, but the docket sheets seem to show that he received a sentence of one to two years at No. CP-51-CR-707891-2004 and a consecutive sentence of 15 months to 30 months (and possibly an additional consecutive sentence of six to 12 months) at No. CP-51-CR-707981-2004. *Compare* Compl. at 4 (alleging sentence of three to six years), *with* Exs. at ECF pp. 10, 12, 14 (showing aggregate sentence of one to two years at No. CP-51-CR-707891-2004) *and id.* at ECF pp. 26, 28, 30 (showing sentence of 15 to 30 months, and possible additional sentence of six to 12 months). Moreover, Passarella claims that he "took a plea bargain," but his copies of docket entries relating to his sentences appear to show that he proceeded to a nonjury trial on June 17, 2005 and was found guilty of various charges, including the charges to which he received a specific sentence. *Compare* Compl. at 4 (alleging he pleaded guilty), *with* Exs. at ECF pp. 12, 14, 28, 30 (indicating that on "06/17/05" "Formal Arraignment waived. Not Guilty plea entered. Testimony commenced. Testimony continued. Adjudged Guilty . . . .").

Although there are inconsistencies with Passarella's allegations and the documents he attaches to the complaint, these inconsistencies have no bearing on the disposition of this case because it is irrelevant when he was arrested or the length of the aggregate sentence the trial court imposed. Further, it is irrelevant whether he pleaded guilty or was found guilty after a trial because both result in convictions. Nonetheless, to the extent necessary, the court has viewed all factual allegations in the light most favorable to Passarella.

that he comply with Megan's Law, which he presumably has to comply with due to the nature of his convictions. *Id.* at 5.

### III. DISCUSSION

#### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court

4

costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Passarella is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.[3]

### B. Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915

Because the court has granted Passarella leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

---

[3] However, as Passarella is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

Additionally, the court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *Peele v. McLaughlin*, 641 F. App'x 111, 112 (3d Cir. 2016) (per curiam) (explaining that even though "the statute of limitations is an affirmative defense [under Rule 8(c) of the Federal Rules of Civil Procedure], a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required"); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense—such as statute of limitations—only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." (citation and internal quotation marks omitted)); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013) (explaining that

if affirmative defense appears on face of complaint, court can dismiss complaint under Rule 12(b)(6)), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

### C. Analysis

Passarella is seeking relief in this case under 42 U.S.C. § 1983. This statute provides in pertinent part as follows:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added). When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). The court addresses Passarella's section 1983 claim against each named defendant in turn.

#### 1. Claims Against Judge DeFino

Passarella's claims against Judge DeFino are based on actions he took while presiding over Passarella's criminal case, including sentencing him. *See* Compl. at 4. Passarella cannot assert such a claim because judges are absolutely immune from liability for monetary damages in civil actions, including actions under section 1983, for their judicial acts. *Dennis v. Sparks,* 449 U.S. 24, 27 (1980). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Thus, judicial immunity also extends to section 1983 claims for injunctive relief, since "'injunctive relief shall not be granted' in an action brought

against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam) (quoting 42 U.S.C. § 1983).

There are only two circumstances in which a plaintiff can overcome judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citations omitted). In determining whether judicial immunity applies, the court "must decide whether the Complaint set forth allegations that, taken as true, establish that the application of an exception to the doctrine of absolute judicial immunity is above the speculative level." *Kirkland v. DiLeo*, 581 F. App'x 111, 114–15 (3d Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, Passarella's claims against Judge DeFino are based on acts he took in his judicial capacity and there are no allegations which would satisfy any exception to judicial immunity. Therefore, Judge DeFino is entitled to absolute judicial immunity from Passarella's claims.

### 2. Claims Against ADA Stackow

Passarella's claims against ADA Stackow are based on the fact that he prosecuted the criminal case that led to Passarella's allegedly false conviction and imprisonment. Prosecutors are entitled to absolute immunity from damages under section 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Although prosecutorial immunity would not preclude claims for injunctive relief, *see Blakeney v. Marsico*, 340 F. App'x 778, 779 (3d Cir. 2009) (*per curiam*) (citing *Supreme Ct. of Va. v. Consumers Union of the U.S.*, 446 U.S. 719, 736 (1980) and *Jorden v. Nat'l Guard Bureau*, 799 F.2d 99, 110 (3d Cir.

1986)), the injunctive relief sought by Passarella — that he should no longer be required to comply with Megan's Law — is not germane to his claims against this defendant, a prosecutor who cannot provide the relief sought.[4] In sum, the court will dismiss the claims against ADA Stackow.

### 3. Claims Against PD Goldstein

Passarella attempts to assert section 1983 claims against PD Goldstein based on her role as the public defender who represented him at sentencing. Despite his desire to assert these claims, he cannot do so because public defenders are not state actors for purposes of section 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." (footnote omitted)); *Deangelo v. Brady*, 185 F. App'x 173, 175 (3d Cir. 2006) (per curiam) ("It is well established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law."); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Since PD Goldstein is not a state actor subject to liability under section 1983, Passarella has failed to state a claim against her.

---

[4] Regardless, any such claim would be barred because success on the claim would necessarily imply the invalidity of Passarella's convictions, which have not been invalidated. *See Passarella v. Hegwitt*, Civ. A. No. 20-3391, 2020 WL 5518610, at *4 (E.D. Pa. Sept. 14, 2020) ("Here, Passarella appears to be claiming that he was unconstitutionally convicted of offenses relating to a minor and, by extension, unconstitutionally subjected to the requirements of Megan's Law. Passarella may not maintain these claims because success would necessarily imply the invalidity of his convictions, which have never been reversed, vacated, or otherwise invalidated."); *see also Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) ("[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" (footnote and citation omitted)).

### 4.      Claims Against Officer Marcellino

Passarella asserts section 1983 claims against Officer Marcellino because he arrested him in January 2004. This claim fails because it is time barred.

In this regard, the statute of limitations for section 1983 actions "is governed by the personal injury tort law of the state where the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Since Passarella's claims arose in Pennsylvania, the court would apply Pennsylvania's relevant limitations period, which in this case is two years. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (stating that "[t]he statute of limitations applicable to § 1983 claims in Pennsylvania is two years" (citation omitted)). This two-year limitations period generally "accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del. v. City of Philadelphia*, 142 F.3d 582, 589 (3d Cir. 1998). In a section 1983 "claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, [the statute of limitations] begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397.

Per the allegations in the complaint and the attached docket sheets for the underlying criminal cases, Passarella was arrested as early as January 25, 2004 and no later than February 13, 2004. *See* Compl. at 4; Exs. at 2, 8. Regardless of the precise date of his arrest, Passarella's false arrest claim is time-barred because it is clear that he was held pursuant to legal process before he was convicted and sentenced in 2005, so his false arrest claim accrued by that point. Passarella did

not file this case until 2021,[5] well over a decade after the statute of limitations expired. Accordingly, Passarella's false arrest claim against Officer Marcellino is time-barred.[6]

### III. CONCLUSION

For the foregoing reasons, the court will grant Passarella leave to proceed *in forma pauperis* and dismiss his complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for seeking monetary relief against defendants who are immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The court will not give Passarella leave to amend the complaint because amendment would be futile.[7]

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[5] The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that pro se prisoner plaintiff filed complaint on date he signed it). Unfortunately, Passarella does not include a declaration about when he provided the complaint to prison officials for mailing to the clerk of court. He does, however, date the complaint on January 26, 2021, which the court will use as the filing date. *See* Compl. at 6.

[6] Since Passarella's false arrest claim is not the type of claim that is categorically barred by *Heck*, it is not subject to the deferred accrual rule. *Compare Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (explaining that "[plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence"), *with Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) ("[T]he statute of limitations begins to accrue when the termination of criminal proceedings becomes favorable; that is, when 'the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" (quoting *Heck*, 512 U.S. at 489)).

[7] Generally, the court should provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). Also, "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).